# United States District Court
# Central District of California

| | |
|---|---|
| GLORIANNE MENDOZA, et al.<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALDI INC., et al.<br><br>　　　　　　Defendants. | Case № 2:19-cv-06870-ODW (JEMx)<br><br>**ORDER GRANTING MOTION TO REMAND [8] and**<br>**DENYING MOTION TO DISMISS AS MOOT [25]** |

## I.　INTRODUCTION

Pending before the Court is Plaintiff Glorianne Mendoza's motion to remand for lack of subject matter jurisdiction ("Motion"). (Mot. to Remand ("Mot."), ECF No. 8.) For the reasons discussed below, the Court **GRANTS** the Motion.[1]

## II.　BACKGROUND

Mendoza was employed with Defendants ALDI INC. and AI CALIFORNIA LLC (collectively "Defendants") from approximately February 2016 to March 2019. (First Am. Compl. ("FAC") ¶ 21, ECF No. 15.) When Mendoza applied for employment, Defendants performed a background investigation on her using legally noncompliant disclosure and authorization forms. (FAC ¶¶ 22–23, 31, 34.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Mendoza initiated this putative class action against Defendants in the Superior Court of California, County of Los Angeles. (*See* Notice of Removal ("Removal") Ex. A ("Compl."), ECF No. 1-1.) Mendoza asserts a single cause of action for violation of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b(b)(2)(A). (First Am. Compl. ("FAC") ¶¶ 24–43.[2]) Mendoza alleges that Defendants violated the FCRA by using legally noncompliant disclosure and authorization forms. (*See* FAC ¶¶ 31–34.)

Defendants removed the action to this Court on the basis of federal question jurisdiction over Mendoza's FCRA claim. (*See* Removal ¶ 6.) Mendoza now moves to remand for lack of Article III standing and subject matter jurisdiction. (Mot. 2.)

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### IV.  DISCUSSION

Mendoza moves for remand on the basis that her allegations of a bare procedural violation are insufficient for Article III standing, which requires concrete

---

[2] Mendoza asserted the same cause of action and supporting allegations in her initial Complaint. (*See* Compl. ¶¶ 23–44.)

harm. (Mot. 2–4.) Defendants oppose and urge the Court to infer concrete harm. (*See* Opp'n to Mot. ("Opp'n") 2, 6–8, ECF No. 14.)

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 489 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016)). The "irreducible constitutional minimum" of standing requires that: (1) the plaintiff has suffered an injury in fact, i.e., "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged conduct of the defendant"; and (3) the injury is "likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted). "A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1549).

The Ninth Circuit squarely addressed this issue in *Syed*. 853 F.3d at 499. There, Syed alleged a violation of the same FCRA provision as Mendoza does here, Section 1681b(b)(2)(A). *Id.* That section creates "a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process." *Id.* It also "creates a right to privacy by enabling applicants to withhold permission . . . and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Id.* Syed alleged that he discovered the defendant had procured a consumer report on him only after he obtained and reviewed his personnel file. *Id.* From this allegation, the court inferred that Syed was not aware at the time that he was signing an authorization for a credit check, and that he was confused or would have declined to authorize the report had it been FCRA-compliant. *Id.* at 499–500. On the

basis of that confusion and lack of awareness, the court found that Syed had alleged a concrete injury sufficient for Article III standing. *Id.* at 500.

In contrast, Mendoza alleges that Defendants used a disclosure and authorization form that is legally non-compliant because it includes additional matter beyond the disclosure. (FAC ¶¶ 31, 34.) She does not allege subsequent discovery, confusion from the form, or that she would not have signed the authorization had it been presented in a FCRA-compliant format. (*See generally* FAC.) Under *Syed*, Mendoza's allegations fail to reach beyond a bare procedural violation of the FCRA and thus do not satisfy Article III standing. *See Arzaga v. MemorialCare Med. Grp.*, No. 2:19-CV-00889-SVW (AGRx), 2019 WL 1557446, at *1 (C.D. Cal. Apr. 10, 2019) (discussing that *Syed* requires "an allegation of some kind of discovery of the violation, or other confusion or lack of awareness regarding the forms being signed" to allow the inference of more than a barebones procedural violation); *see also Nayab*, 942 F.3d at 490–91 (discussing *Syed* and distinguishing violation of a substantive FCRA provision from a bare procedural violation).

Defendants urge the Court to infer Mendoza's confusion because, "[a]lthough [Mendoza] does not say so in her Complaint," she discovered the reports after the fact by reviewing her personnel file. (Opp'n 7–8.) Yet Defendants only bolster Mendoza's point: Mendoza does *not* allege such a subsequent discovery. Nor can it be inferred that she was confused or would not have signed the authorization had it been FCRA-compliant. Further, the mere "reference to invaded 'privacy and statutory rights' [is] insufficient to describe a concrete and particularized harm." *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019).

Mendoza's allegations constitute a bare procedural violation of the FCRA and do not amount to concrete harm sufficient for Article III standing. *See Spokeo*, 136 S. Ct. at 1549; *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507, at *4–5 (N.D. Cal. June 20, 2018) (collecting cases) (finding the plaintiff's

FCRA claim for non-compliant disclosure was deficient to establish Article III standing under *Syed* and *Spokeo* because the plaintiff's allegations lacked any indication of confusion or lack of awareness regarding the forms). In the absence of a concrete injury, Defendants have not met their heavy burden on removal to show that Mendoza has Article III standing. Consequently, the Court must remand.

Defendants argue the Court must dismiss rather than remand because remand would be futile. (Opp'n 9–10 (citing *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991)).) However, "the literal words of [28 U.S.C.] § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) (quoting *Int'l Primate Prot. League v. Admin. of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991)). Further, as Defendants acknowledge, the futility doctrine on which they rely has been questioned, *see id.*, and even if it remains good law, it does not apply here: "[t]he constraints of Article III do not apply to state courts," so remand would not necessarily be futile. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Mendoza's Motion to Remand (ECF No. 8) and **REMANDS** this action to the Superior Court, County of Los Angeles, Case No. 19STCV21190, 111 North Hill Street, Los Angeles, California 90012. Defendants' Motion to Dismiss is **DENIED AS MOOT**. (ECF No. 25.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

December 27, 2019

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE